UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE GORDON; AMIRAH BASSY,

Plaintiffs,

-against-

NEW YORK CITY MAYORS OFFICE; NEW
YORK ATTORNEY GENERALS OFFICE;
NEW YORK CITY POLICE DEPARTMENT;
DA OFFICE; NEW YORK CITY HEALTH &
HOSPITAL; AMERICAN DENTAL
ASSOCIATION; NEW YORK CITY KINGS
COUNTY FAMILY COURT,

Defendants.

25-CV-6671 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Catherine Gordon, who is appearing *pro se*, brings this action on her own behalf

and on behalf of Amirah Bassy. By order dated October 27, 2025, the court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons

set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead

her own claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Catherine Gordon brings this action on her own behalf and on behalf of Amirah Bassy. Only Gordon has signed the complaint and IFP application. Named as Defendants are the New York City Mayor's Office; the New York Attorney General's Office; the New York City Police Department; "DA Office," which the Court understands to designate the Manhattan, or, possibly Kings County, District Attorney's Office; New York City Health & Hospital; the American Dental Association; and the New York City Kings County Family Court. Plaintiff brings her claims using the court's general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction. In response to the question asking which of her federal constitutional or federal statutory rights were violated, Plaintiff writes, "My right to an attorney. My claims and reports to be acknowledged[.] My civil & Human rights [n]ot to be discriminated against and victim of fowl play due to financial & political gain."[1] (ECF 1, at 2.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

Plaintiff states that the events giving rise to her claims occurred between 2022 and 2025 in New York City. Plaintiff alleges,

> Gross misconduct and judicial corruption. Alteration of documentation[,] criminal coercion and extortion[.] Breach of privacy of Patient Bill of Rights[.] Breaking Hippocratic Oath[.] Police corruption and neglect to report and file documentation of repeated criminal activity and assault[.] Aiding in financial fraud and cover ups. Threatening/menancing behaviors[.] Falsifying documents and forgery[.] Assisting with identity theft and nonconsentual business agreements[.] Fraudulent marriage documents and gross misappropriation of funds. False investigations[.] Scapegoating and extreme psychological and chemical warfar[e.] Improper documentation of testing[.] Spread of crucial and dangerous misinformation[.]

(*Id.* at 5-6.)

Plaintiff seeks "[r]estitution 6 figure." (*Id.* at 6.)

## DISCUSSION

### A.    Claims on Behalf of Amirah Bassy

As a nonlawyer, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of Amirah Bassy.

### B.    Improper Defendants

#### 1.    New York City Offices and Agencies

Plaintiff's claims against the New York City Mayor's Office and the New York City Police Department must be dismissed because an agency or office of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the

3

recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Eleventh Amendment Immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The New York State Attorney General's Office is one such state agency that enjoys immunity under the Eleventh Amendment. *See, e.g.*, *Levy v. Cohen*, 439 F. App' x 30, 32 (2d Cir. 2011). The Kings County Family Court, which is part of the New York State Unified Court System, also enjoys Eleventh Amendment immunity. *See Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." (citation omitted)); *Deem v. DiMella-Deem*, No. 7:18-CV-11889, 2019 WL 1958107, at *10 n.6 (S.D.N.Y. May 2, 2019) ("Any claims against the Family Court would thus be barred by the Eleventh Amendment.").

Moreover, in the State of New York, a District Attorney's Office, when prosecuting a criminal matter, is deemed an arm of the State of New York and, therefore, in that context,

enjoys Eleventh Amendment immunity from suit. *See Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *2 (2d Cir. Jan. 29, 2024) (summary order) (citing and quoting, *inter alia*, *Ying Jing Gan v. City of New York*, 996 F.2d 552, 536 (2d Cir. 1993)); *Walker v. City of New York*, 205 F.3d 1327 (2d Cir. 2000) (unpublished table opinion) (affirming district court's dismissal of claims under 42 U.S.C. § 1983 against the Queens County District Attorney's Office on Eleventh Amendment grounds); *see also Singleton v. N.Y.C. Police Dep't*, No. 1:20-CV-9699 (LLS), 2021 WL 665032, at *2 (S.D.N.Y. Feb. 17, 2021) ("Courts have held that an office of a district attorney in New York State is afforded Eleventh Amendment immunity with regard to its decision to prosecute. Courts have also held that such an office is a nonsuable entity." (citations omitted)).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's claims against the New York State Attorney General's Office, the Kings County Family Court, and, to the extent she is bringing claims against it with respect to actions taken in a prosecutorial capacity, the District Attorney's Office, as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

**C.    Rule 8 of the Federal Rules of Civil Procedure**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8. Plaintiff sets forth a series of vague assertions, but she alleges no specific facts describing the basis of her claims. For example, she states, "Alteration of documentation[,] criminal coercion and extortion" (ECF 1, at 5), but she does not allege facts describing what documents were altered, or why any such alteration was a violation her federal rights. Nor does she allege how she was coerced and extorted. Moreover, Plaintiff does not allege facts showing how any of the named defendants were involved in the events giving rise to her claims or how they violated her federally protected rights. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead her claims in an amended complaint that complies with Rule 8. Plaintiff's amended complaint should tell the Court who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

6

**D.      Claims under State Law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend her complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted and as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2(b)(ii), (iii). The Court grants Plaintiff 30 days' leave to replead her claims.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    January 7, 2026
          New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

8