UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE GORDON,

                Plaintiff,

          -against-

NEW YORK CITY MAYORS OFFICE; NEW
YORK ATTORNEY GENERAL'S OFFICE;
NEW YORK CITY POLICE DEPARTMENT;
AMERICAN DENTAL ASSOCIATION;
KINGS COUNTY FAMILY COURT,

                Defendants.

25-CV-6671 (LLS)

SECOND ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights. By order dated January 7, 2026, and entered on January 9, 2026, the Court dismissed the complaint but granted Plaintiff leave to replead her claims in an amended complaint.[1] Plaintiff filed an amended complaint on May 15, 2026. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

In Plaintiff's original complaint, she invoked the court's federal question jurisdiction, and asserted claims against New York City Mayor's Office; the New York Attorney General's Office; the New York City Police Department ("NYPD"); "DA Office," which the Court understood to designate the Manhattan, or, possibly Kings County, District Attorney's Office; New York City Health & Hospital; the American Dental Association; and the New York City Kings County Family Court. (ECF 1.)

---

[1] The Court granted Plaintiff two extensions of time to file her amended complaint. (*See* ECF 10, 12.)

Plaintiff alleged,[2]

> Gross misconduct and judicial corruption. Alteration of documentation[,] criminal coercion and extortion[.] Breach of privacy of Patient Bill of Rights[.] Breaking Hippocratic Oath[.] Police corruption and neglect to report and file documentation of repeated criminal activity and assault[.] Aiding in financial fraud and cover ups. Threatening/menancing behaviors[.] Falsifying documents and forgery[.] Assisting with identity theft and nonconsensual business agreements[.] Fraudulent marriage documents and gross misappropriation of funds. False investigations[.] Scapegoating and extreme psychological and chemical warfar[e.] Improper documentation of testing[.] Spread of crucial and dangerous misinformation[.]

(*Id.* at 5–6.)

By order dated January 7, 2026, the Court: (1) dismissed Plaintiff's claims against the New York City Mayor's Office and the NYPD because offices and agencies of the City of New York cannot be sued in their own names (ECF 8, at 3–4); (2) dismissed Plaintiff's claims against the New York State Attorney General's Office and the Kings County Family Court as barred by the Eleventh Amendment (*id.* at 4–5); and (3) dismissed the remainder of the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure (*id.* at 5–6).[3] With regard to Rule 8, the Court held that Plaintiff "set[] forth a series of vague assertions, but she allege[d] no specific facts describing the basis of her claims" and that she "allege[d] no facts showing how any of the named defendants were involved in the events giving rise to her claims or how they violated her federal protected rights." (*Id.* at 6.)

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from her submissions. All other spelling, grammar, and punctuation are as in the original submissions unless otherwise noted.

[3] The Court also dismissed with prejudice any claims Plaintiff sought to bring on behalf of non-party Amirah Bassy (*id.* at 3) and declined to exercise supplemental jurisdiction of any state law claims Plaintiff may have been asserting (*id.* at 7).

In the amended complaint, Plaintiff sues the New York City Mayor's Office, the New York State Attorney General's Office, the NYPD, the American Dental Association, and the Kings County Family Court. Plaintiff does not state the jurisdictional basis of her claims.

Plaintiff alleges

- Altered government document (Tax, Birth Certificate)

- Documented calls and precinct visits for reports/police reports or fraud and domestic violence. Negligence in proper reporting.

- Court hearings concerning property real estate I was not present for due to identity theft.

- Breach of Privacy Bill of Rights

- Breaking Hippocratic Oath

- Aiding in financial fraud and cover up including tax information

- Falsifying documents and forgery

- Assisting w/ identity theft and non consented business agreements

- Failure to investigate my claims when reported to all agencies

…

- Scape goating and extreme psychological and chemical warfare

…

- Public rioting/aggressive behaviors due to smear campaign

…

- Human rights violations torture unlawful detention, discrimination, violations of freedom of expression

…

- False reporting of mental health and mental capacity without proper screening

- Judicial misconduct and false substantiating of false business relationships

(ECF 15, at 8–9.)

Plaintiff seeks "[r]estitution and a [f]ull investigation." (*Id.* at 6.)

## DISCUSSION

The Court dismisses the amended complaint for the same reasons it dismissed the original complaint. Plaintiff cannot state a claim against the New York City Mayor's Office and the NYPD because, as an office or agency, of the City of New York, they cannot be sued in their own names. Plaintiff's claims against the Attorney General's Office and the Kings County Family Court are barred by the Eleventh Amendment. With respect to Plaintiff's remaining claims, the amended complaint does not comply with Rule 8 because, like the original complaint, it includes no specific facts describing the basis of Plaintiff's claims and does not allege how any of the named defendants were involved in the events giving rise to her claims or violated her federally protected rights. The Court therefore dismisses the amended complaint as barred by the Eleventh Amendment and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because nothing in the amended complaint suggests that the deficiencies in Plaintiff's claims could be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

4

## CONCLUSION

The Court dismisses the amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as barred by the Eleventh Amendment, and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    June 9, 2026
        New York, New York

                              Louis L. Stanton
                                   Louis L. Stanton
                                     U.S.D.J.